|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | IN THE UNITED STATES DISTRICT COURT |
| 7 | FOR THE DISTRICT OF ARIZONA |

Armando Arenivar,         )   No. CV-05-3466-PHX-EHC (LOA)
)
      Plaintiff,         )   **REPORT AND RECOMMENDATION**
)
vs.         )
)
Joseph M. Arpaio,         )
)
      Defendant.         )
)
_____)

       This matter arises on the Court's review of the file.  Plaintiff commenced this action on October 28, 2005. (document # 1) On April 4, 2006, the Court ordered service on Defendants and ordered Plaintiff to file a completed service packet by April 24, 2006. (document # 4) The also Court directed Plaintiff to immediately notify the Court in writing of any change in his address and warned Plaintiff that failure to do so could result in dismissal of this action.  (Id.) Additionally, LRCiv 83.3(d) obligates Plaintiff to immediately notify the Court in writing of any change in address.

       Thereafter, on April 13, 2006, the Court received returned mail addressed to Plaintiff marked "undeliverable, return to sender."  No alternate address for Plaintiff was found. (document # 6) Plaintiff violated the Court's Order by failing to advise the Court of his new address.  In view of Plaintiff's failure to comply with court orders, the Court ordered Plaintiff to show cause on or before May 20, 2006 why this action should not be dismissed without prejudice for failure to comply with Court orders.  (document # 7)

1     Thereafter, on May 1, 2006, the Court again received mail addressed to Plaintiff marked "return to sender." (document # 8) To date, Plaintiff has neither responded to the show-cause order nor notified the Court of his current address leaving the Court with no means to contact Plaintiff regarding this matter. In view of Plaintiff's continued failure to advise the Court of his current address in violation of Court orders, this matter should be dismissed. See Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (holding that district court did not abuse its discretion in dismissing pro se plaintiff's complaint for failure to advise the court of his current mailing address).

    In view of the foregoing,

    IT IS HEREBY RECOMMENDED that this matter be **DISMISSED** without prejudice for failure to comply with Court orders pursuant to Fed. R. Civ. P. 41(b).

    This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e). Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).

    Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

    DATED this 30th day of May, 2006.

                        Lawrence O. Anderson
                          United States Magistrate Judge